IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMEON DALEY,** | : | **CIVIL NO. 1:CV-10-02060** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **HARLEY LAPPIN,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Before the court is Plaintiff Dameon Daley's motion to alter or amend

judgment (Doc. 53), requesting the court reconsider its memorandum and order of

September 7, 2011, granting summary judgment in favor of the Defendants[1] in this

case, (Doc. 50).  For the reasons that follow, the instant motion (Doc. 53) will be

denied.

## I.    Background

Plaintiff, an inmate incarcerated at the United States Penitentiary in

Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this action with a

complaint filed under 28 U.S.C. § 1331.  (Doc. 1.)  In the complaint, Plaintiff

alleged that Defendants denied him a diet consistent with his Rastafarian religious

beliefs.  He also alleged that he was forced to eat food to which he is allergic and

---

[1] Named as Defendants were Harley Lappin, Director of the Bureau of Prisons ("BOP");
B.A. Bledsoe, Warden; K. Rear, Associate Warden; and, D. Young, Associate Warden.  Daley
also named the United States of America and the BOP as Defendants.

was forced to exist primarily on apples and bread, which resulted in his becoming malnourished.

On January 28, 2011, Defendants filed a motion to dismiss and for summary judgment. (Doc. 23.)  Accompanying the motion were a brief in support and a statement of material facts. (Docs. 24 & 25.)  After receiving two extensions of time in which to file a brief in opposition to the motion, (*see* Docs. 27 & 29), Plaintiff filed a brief in opposition, counter statement of material facts, a declaration, and supporting exhibits, (Docs. 37-40).  After Defendants replied to Plaintiff's brief in opposition, (*see* Doc. 44), the court issued a memorandum and order granting summary judgment in favor of Defendants on September 7, 2011, (Doc. 50).

Consequently, Plaintiff has filed the instant motion to alter or amend judgment. (Doc. 53.)  In the motion, Plaintiff makes the following arguments: (1) the court relied on the inadmissible declaration of Chaplain Kevin Kelly in support of its judgment; (2) certain Defendants should not have been dismissed on the basis of sovereign immunity; (3) the court failed to give notice to Plaintiff that Defendants' dispositive motion would be considered a motion for summary judgment; (4) the court erred in granting summary judgment in favor of Defendants because the pleadings demonstrated genuine issues of material fact; and (5) the

2

court erred in denying Plaintiff's claims alleging that Defendants denied him a diet appropriate for his Rastafarian religion.[2]

## II.   <u>Discussion</u>

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry.  Fed. R. Civ. P. 59(e).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  *Ogden v.*

---

[2] Plaintiff, in the instant motion, makes several sub-arguments, which will be discussed *infra*.

*Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted).

"[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration of judgment is an extraordinary remedy, and such motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Applying the standard used when a party seeks reconsideration, the court will discuss Plaintiff's claims in turn.

A.   **Declaration in Support of Summary Judgment**

Plaintiff first argues that the court should reconsider its judgment in this case because it relied on the inadmissible declaration of Chaplain Kevin Kelly that Defendants cite in their statement of material facts related to religious beliefs and practices. (*See* Doc. 25 ¶¶ 18-27.) Specifically, he contends that it is "highly improbable" that Chaplain Kelly would have personal knowledge that the BOP's Alternative Diet Program ("ADP") offers Plaintiff sufficient opportunity to observe his religious dietary practice and does not substantially burden the exercise of his religion. He also contends that "[i]t is even more improbable" that Chaplain Kelly could testify whether requiring Defendants to provide Plaintiff wih a Kosher vegan

4

diet would burden Defendants.  After careful review, the court disagrees with

Plaintiff and will deny his motion on this claim.

Under Federal Rule of Civil Procedure 56, "[a] party asserting that a fact

cannot be or is genuinely disputed must support the assertion by: (A) citing to

particular parts of materials in the . . . affidavits or declarations . . . ."  Fed. R. Civ.

P. 56(c)(1)(A).  Further, "An affidavit or declaration used to support or oppose a

motion must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the affiant or declarant is competent to

testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).

In this case, Defendants submitted the declaration of Chaplain Kevin Kelly

in support of their material facts related to religious beliefs and practices.  (Doc.

24-1, Ex. 2, Kelly Decl.)  Chaplain Kelly, the BOP's Northeast Regional

Chaplaincy Administrator, initially declared as follows:

> As a part of my duties and responsibilities, I have access to inmates'
> records, electronic data maintained on the BOP's SENTRY computer
> system, Administrative Remedy data, and BOP Program Statements.  I
> also serve as consultant to the Regional Director on matters of
> correctional chaplaincy.  I administer, develop, implement,
> coordinate, and evaluate all aspects of religious ministry for each
> institution within the northeast region.  I am knowledgeable of the
> beliefs and religious practices of world religions as well as religious
> beliefs and practices of indigenous and non-traditional groups
> identified within the inmate population so as to interpret faith group
> concerns.

(*Id*. ¶ 1.)  Further, as to Plaintiff, Chaplain Kelly declares:

> Since his arrival at USP Lewisburg Plaintiff has identified his
> religious affiliation as Rastafarian.  The Rastafarian faith was founded
> in 1930 with its origins in the country of Jamaica.  It's [sic]
> foundation is rooted in African and Jamaican culture.  The faith has no
> comprehensive set of doctrines and is largely individualistic in nature.
> It is generally accepted that their holy book is the King James version
> of the Bible.  The Rastafarian faith has no dietary mandates though
> some adherents are vegetarian believing food should be natural, pure,
> and from the earth.

(*Id*. ¶ 2.)  Thereafter, Chaplain Kelly makes several assertions with respect to the

BOP policy on the ADP.  (*Id*. ¶ 6.)  In addition, he declares,

> Inmates who elect to participate in a religious diet can choose from
> two diet tracks: the no-flesh option and the salad bar, or the
> religiously certified food diet and the salad bar.  Also, other
> nutritionally, adequate food items can be purchased in the institution
> commissary that would meet his religious diet requirements.  Since his
> arrival at USP Lewisburg, Daley has been participating in the certified
> food component of the religious diet program.

(*Id*. ¶ 7.)  He concludes his declaration with, "I declare under perjury pursuant to

28, United States Code, Section 1746, that the foregoing is true and correct to the

best of my knowledge, information, and belief."  (Doc. 24-1 at 23.)

In light of Chaplain Kelly's declared qualifications and position within the

BOP, the court cannot agree with Plaintiff that Chaplain Kelly lacks the personal

knowledge or qualifications that would deem him incompetent to testify on the

matters stated in his declaration.  Thus, Plaintiff's motion for reconsideration as to this claim will be denied.[3]

**B.     Sovereign Immunity**

Plaintiff next contends that the court should reconsider its judgment in this case because certain Defendants should not have been dismissed on the basis of sovereign immunity.  Because the court has already determined that Plaintiff has failed to prevail on the merits of his claims, the request for reconsideration will be denied.

In the court's memorandum and order granting summary judgment in favor of Defendants, the court dismissed Plaintiff's claims for money damages against Defendants the United States and the BOP and dismissed them from the action. (Doc. 50 at 14.)  In addition, the court dismissed the claims against individual Defendants in their official capacities.  (*Id.*)  In the instant motion, Plaintiff states that the claims should not have been dismissed as to these Defendants because he was seeking equitable as well as monetary relief.

The court notes that the law is clear that the United States and the BOP, an agency of the federal government, are not proper Defendants in a *Bivens* action for

---

[3] In his motion for reconsideration, Plaintiff also contends that the declaration of Chaplain Kelly was not admissible to support Defendants' contention that BOP policies do not substantially burden Plaintiff's religious exercise.  (Doc. 54 at 7-8.)  As the court has concluded that Chaplain Kelly possesses the personal knowledge and qualifications to competently testify on the matters stated in his declaration, the court disagrees with Plaintiff that his declaration is inadmissible.  Thus, Plaintiff's motion for reconsideration will be denied as to that claim.

damages. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).  Thus, these parties were properly dismissed.  Further, because a suit against a federal official in his official capacity is in essence a suit against the government entity itself, the BOP Defendants in their official capacities were properly dismissed as to the *Bivens* claims for damages.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Therefore, all claims for damages against the BOP Defendants in their official capacities were properly dismissed.  While it is true that the United States has waived its sovereign immunity with respect to claims which seek declaratory or equitable relief, *see* 5 U.S.C. § 702, in this case, the court has already determined that Plaintiff's claims fail, and rather that summary judgment shall be granted in favor of Defendants.  Thus, Plaintiff would not be awarded equitable relief should the court reconsider its order dismissing the relevant parties in their official capacities.  As such, Plaintiff's motion for reconsideration as to this claim will be denied.

### C.    Notice of Motion for Summary Judgment

Plaintiff next contends that the court should reconsider its judgment in this case because it failed to give him proper notice of its intent to address Defendants' motion to dismiss and for summary judgment solely as a motion for summary judgment.  He also claims that the court failed to give him a notice of the

requirements of the summary judgment rules.  After careful review, the court will deny Plaintiff's claim.

Initially, the court notes that the docket clearly documents Defendants' filing of a dispositive motion, entitled "Defendants' motion to dismiss or, in the alternative, motion for summary judgment."  (Doc. 23.)  Further, a certificate of service attached to that motion indicates that Plaintiff was timely mailed this motion by United States Mail at Harrisburg, Pennsylvania.  (*Id*. at 3.)  There is nothing in the docket indicating that Plaintiff did not receive that motion.  In fact, Plaintiff not only sought extensions of time to respond to that motion (*see* Docs. 26, 28), but also responded to the motion with a brief in opposition (Doc. 39) and counter statement of facts (Doc. 37).  Plaintiff's filings in response to Defendants' motion to dismiss and motion for summary judgment clearly contradict Plaintiff's contention set forth in the instant motion.  Thus, Plaintiff's claim here fails.

Further, as to Plaintiff's claim that the court failed to give him a notice of the requirements of the summary judgment rules, it is noted that on October 5, 2010, Plaintiff was mailed the court's standing practice order which informs the parties of their briefing and other responsibilities that commonly arise during the course of a lawsuit.  (Doc. 6.)  In that standing practice order, Plaintiff was specifically informed of requirements with respect to the filing of a motion for summary

judgment and response thereto.  (*Id*. at 3.)  For example, the order states the

following:

> Rule 56(e) also provides that a party opposing a summary judgment
> motion may not rely on the mere allegations or denials in his or her
> pleading, such as a complaint.  Instead, Rule 56(e) requires a party
> opposing a motion for summary judgment to file evidentiary material
> (affidavits or other evidence), as described in Rule 56, setting forth
> specific facts showing there is a genuine issue for trial.

(*Id*.)  In this case, the docket clearly shows that Plaintiff did, in fact, file such

materials opposing the motion for summary judgment.  (See Docs. 40, 49.)  In light

of these filings and the express instructions on the filing of a motion for summary

judgment and response thereto provided to Plaintiff in the course of this action,

Plaintiff's claim on reconsideration that he was not given notice of the

requirements for summary judgment fails.

### D.    Genuine Issues of Material Fact

Next, Plaintiff contends that the court should reconsider its judgment in this

case because it erred in granting summary judgment in favor of Defendants

because the pleadings demonstrated genuine issues of material fact.  In support of

this contention, Plaintiff cites to evidence already considered in the court's

judgment, and simply states, without more, that the evidence "clearly contradicts

the Defendants' claims, and the court's holding . . . ."  (Doc. 54 at 20.)  Plaintiff's

restated argument here does not constitute new evidence that was unavailable when

the court made its decision, and thus, Plaintiff's request for reconsideration will be denied as to this claim.

### E.   **Plaintiff's Constitutional Claims**

Lastly, Plaintiff contends that the court should reconsider its judgment in this case because it erred in denying Plaintiff's claims alleging that Defendants did not provide him with a diet appropriate for his Rastafarian religion. Specifically, Plaintiff claims with respect to his First Amendment claim that: (1) the court erred when it applied the incorrect standard of law; (2) the court erred in finding that Plaintiff's practice of religion was not substantially burdened because he had the opportunity to observe religious holidays, participate in holiday meals, fastings, and prayer; and (3) the court erred in finding that because there is a freedom of choice in a Rastafarian diet, Defendants did not substantially burden his practice of religion by denying him a vegan or "Ital" diet. Plaintiff claims with respect to his equal protection claim that: (1) the court erred in finding that Plaintiff had not shown he was treated differently from persons similarly situated; and (2) the court erred in finding that Defendants did not intentionally discriminate against Plaintiff by denying him a vegan diet. The court will discuss Plaintiff's claims with respect to his freedom of religion and equal protection claims in turn.

### 1.   Freedom of Religion Claim

First, Plaintiff's claim that the court applied the incorrect standard of law when considering his freedom of religion claim fails.  Specifically, Plaintiff argues that the court did not consider his claim under the Religious Freedom Restoration Act ("RFRA").  However, this is simply not the case.  The court cited to and discussed RFRA in its consideration of Plaintiff's freedom of religion claim.  (*See* Doc. 50 at 22-25.)  Thus, Plaintiff's request for reconsideration here will be denied.

Next, Plaintiff's claim that the court erred in finding that his practice of religion was not substantially burdened because he had the opportunity to observe religious holidays, participate in holiday meals, fastings, and prayer, fails.  In connection with this claim, Plaintiff restates his argument that because he is housed in the Special Management Unit ("SMU"), he is unable to participate in holiday meals, fastings, and prayers.  (Doc. 54 at 13.)  This restated argument does not constitute new evidence that was unavailable when the court made its decision, and thus Plaintiff's request for reconsideration here will be denied.

Finally, Plaintiff's claim that the court erred in finding that because there is a freedom of choice in a Rastafarian diet, Defendants did not substantially burden his practice of religion by denying him a vegan or "Ital" diet, fails.  In its judgment, the court cited to documents submitted *by Plaintiff* in support of this finding.  Specifically, Plaintiff submitted exhibits that indicate that Rastafarianism

emphasizes "individual personal meditation," and the expression of "Ital" living varies widely, with few universal "rules" of "Ital" eating.  (*See* Doc. 50 at 25.) Because Plaintiff's own exhibits do not support his argument here, the court will not reconsider this claim.

### 2.   Equal Protection Claim

First, Plaintiff's claim that the court erred in finding that Plaintiff had not shown he was treated differently from persons similarly situated fails.  In connection with this claim, Plaintiff argues that the court should have relied on a declaration submitted by him that he claims showed that he was treated differently from persons similarly situated.  This declarant, a fellow inmate, asserted that he witnessed BOP staff provide two other Rastafarians with vegan diets.  However, as stated by the court in its judgment, the declaration indicates nothing more than that observation.  (Doc. 50 at 27.)  Without more, the court was not willing to presume that the two other Rastafarians were served vegan meals only because of their religious beliefs.  (*See id*.)  Plaintiff's restated argument here relating to the declaration already submitted does not constitute new evidence that was unavailable when the court made its decision, and thus, Plaintiff's request for reconsideration here will be denied.

Second, Plaintiff's claim that the court erred in finding that Defendants did not intentionally discriminate against him fails.  As explained above, in its

13

judgment, the court found that Plaintiff was not treated differently from persons similarly situated.  Without this showing, there could be no finding that Defendants' treatment of Plaintiff was intentional.  (*See* Doc. 50 at 26) ("To prevail here, Daley must show that he was treated differently from persons who are similarly situated, and that this treatment was purposeful or intentional rather than incidental") (citation omitted).  Thus, Plaintiff's claim here fails.

### III.   <u>Conclusion</u>

For the reasons set forth above, Plaintiff's motion for reconsideration of the court's memorandum and order granting summary judgment in favor of Defendants will be denied.

An appropriate order follows.

   s/Sylvia H. Rambo         
United States District Judge

Dated:  July 24, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMEON DALEY,** | : | **CIVIL NO. 1:CV-10-02060** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| **HARLEY LAPPIN,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS**

**HEREBY ORDERED THAT** the motion for reconsideration (Doc. 53) is

**DENIED**.


                           s/Sylvia H. Rambo
                           United States District Judge

Dated:  July 24, 2012.