IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMEON DALEY,** | : | **CIVIL NO. 1:CV-10-02060** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | |
| **HARLEY LAPPIN,** *et al.*, | : | |
| Defendants | : | |

## **M E M O R A N D U M**

**I.   Background**

By mandate issued on March 24, 2014, the United States Court of Appeals for the Third Circuit remanded the captioned matter to this court for further development of the record.  (*See* Doc. 67.)  As a result, the court issued three orders (*see* Docs. 66, 68, 69), directing Plaintiff Dameon Daley to inform the court of his decision as to counsel for a forthcoming evidentiary hearing and any other proceedings before the court.  In addition, the court advised Plaintiff to file a motion for appointment of counsel, along with a financial affidavit (form attached to the order), if he was in fact seeking court-appointed counsel for the evidentiary hearing.  (*See, e.g.*, Doc. 69.)  In the latest of those orders, the court also advised Plaintiff that if he failed to respond to the court's order by April 23, 2014, the court would entertain a motion to dismiss the case for failure to prosecute, filed by Defendants.  (*Id.*)

On April 21, 2014, Plaintiff filed a response to the court's orders which stated, in full, "Comes now, plaintiff, Dameon Daley, in *pro se*, and moves this honorable court to appoint counsel to represent him at the evidentiary hearing. Due to plaintiff's socioeconomic status he is unable to obtain counsel on his own." (Doc. 71.)  The required financial affidavit was not attached.  Without the required financial affidavit, and because the court was aware that Plaintiff is no longer incarcerated, the court determined that it was unable to make a determination as to whether to refer this matter to a member of the panel formed by the Federal Bar Association to assist *pro se* litigants.  Therefore, in an order issued on April 23, 2014, the court afforded Plaintiff until May 7, 2014, to file a new motion for appointment of counsel, which must include a completed financial affidavit.  (Doc. 72.)  In addition, the court also warned Plaintiff that if he failed to file a motion for appointment of counsel, along with the completed financial affidavit, by May 7, 2014, the court would entertain a motion to dismiss the case for failure to prosecute, filed by Defendants.  (*Id.*)

Plaintiff failed to file a response to the court's April 23, 2014 order in the time period prescribed therein.  As a result, on May 8, 2014, Defendants filed a motion to dismiss the case for failure to prosecute, along with a supporting brief.

(Docs. 73 & 74.)  Pursuant to M.D. Pa. Local Rule 7.6,[1] Plaintiff had fourteen (14) days from the service of Defendants' motion and brief to file a brief in opposition to the motion.  Within that time period, Plaintiff failed to file any opposition or seek an extension of time in which to do so.  Thus, by order dated May 29, 2014, the court directed Plaintiff to file a brief in opposition to the motion to dismiss on or before June 12, 2014.  (Doc. 75.)  The order also forewarned Plaintiff that if he failed to oppose the motion within that time period allotted by the court, the court would grant the motion to dismiss without a merits analysis.  *See* M.D. Pa. Local Rule 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

To date, Plaintiff has failed to file any opposition.  Although his brief in opposition to the pending motion to dismiss is now overdue, he has neither made the appropriate filing nor requested an extension of time in which to do so.  Therefore, for the reasons set forth below, Defendants' motion to dismiss will be deemed unopposed and granted without a merits analysis, Plaintiff's complaint will be dismissed with prejudice for failure to prosecute and failure to comply with a

---

[1] Local Rule 7.6 provides that a party opposing a motion must file a brief in opposition within fourteen (14) days after service of the movant's brief, and that if opposition is not filed within the required time, the party will be deemed not to oppose the moving party's motion.

3

court order pursuant to Federal Rule of Civil Procedure 41(b), and the Clerk of Court will be directed to close this case.

## II.    Discussion

Generally, a dispositive motion may not be granted merely because it is unopposed.  However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).  In *Link*, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [footnote omitted]  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.  The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . .  It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

*Id.* at 629-30.

The Third Circuit Court of Appeals held in *Stackhouse* that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint.  *Id.*, 951 F.2d at 30.  However, in reaching

this holding, the Court of Appeals did not vitiate the Supreme Court's decision in *Link*, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. *Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.*

*Stackhouse*, 951 F.2d at 30 (emphasis added); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . . [N]ot all of the *Poulis* factors[2] need be satisfied in order to dismiss a complaint . . . . Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss

---

[2] The Court of Appeals in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

In the instant case, initially the court notes that after the Third Circuit remanded this matter for further development of the record, Plaintiff was directed numerous times by court order to inform the court of his decision as to counsel for a forthcoming evidentiary hearing and any other proceedings before the court. (*See* Docs. 68, 69, 72.)  While Plaintiff did file a response on April 21, 2014, that response did not include the financial affidavit required for a determination of appointment of counsel.  (*See* Doc. 71.)  As a result, the court issued an order on April 23, 2014, affording Plaintiff until May 7, 2014, to file a new motion for appointment of counsel, which must include a completed financial affidavit.  (Doc. 72.)  Notably, the court has not heard from Plaintiff since the filing of his April 21, 2014 response.  Subsequently, Defendants filed a motion to dismiss.  (Doc. 73.)

Plaintiff was advised of the requirements of Local Rule 7.6 in the Standing Practice Order issued in this case on October 5, 2010.  (Doc. 6.)  Further, he specifically was directed to comply with Local Rule 7.6 in the court's May 29, 2014 order directing him to file his brief in opposition to the motion to dismiss, and was warned of the consequences of failing to timely file his opposition in that order.  (*See* Doc. 75.)  To date, Plaintiff has not filed such opposition, nor has he

sought an extension of time in which to do so.  In addition, as noted above, the court has received no communication whatsoever from Plaintiff since the filing of his April 21, 2014 response.  In light of this history, the court finds that Plaintiff's dilatoriness since the Third Circuit remand outweighs any of the other considerations set forth in *Poulis*.  Accordingly, the court will deem the pending motion to dismiss unopposed and grant the motion and dismiss the complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order.

    An appropriate order will issue.

                                                     s/Sylvia H. Rambo
                                                   United States District Judge

Dated: June 26, 2014.